UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANE ENGLISH,

               Plaintiff,

     v.                                  Civil No. 07-870-HA

                                          OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

               Defendant.

_____

HAGGERTY, Chief Judge:

Plaintiff Diane English seeks judicial review of a final decision by the Commissioner of

the Social Security Administration denying her application for Disability Insurance Benefits

(DIB) and Supplemental Security Income (SSI) disability benefits. This court has jurisdiction to

review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the

Commissioner's decision is affirmed.

**<u>STANDARDS</u>**

1- OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step and determines whether the impairment is equivalent to one or more impairments that the Commissioner has recognized as so severe, they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments). If the claimant's condition meets or equals one in the Listing of Impairments, the presumption of disability is conclusive.

If the impairment is not presumed to be disabling, the Commissioner proceeds to the fourth step and determines whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and benefits are denied. 20 C.F.R. § 404.1520(e).

2- OPINION AND ORDER

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof for steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the

3- OPINION AND ORDER

Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

## FACTS

Plaintiff was forty years old at the alleged disability onset date and forty-eight years old at the time of the ALJ's decision. Plaintiff has some high school education[1] and has work experience as a caregiver, payroll clerk, credit analyst, and financial customer service person.

She protectively applied for benefits on September 23, 2002, alleging disability beginning July 31, 2002, from mental and physical impairments including Post Traumatic Stress Disorder (PTSD), migraine headaches, rheumatoid arthritis, a shoulder injury, stomach pain, hypoglycemia, and fibromyalgia. The application was denied initially and on reconsideration. The ALJ conducted a hearing on August 30, 2005, at which he heard testimony from three

---

[1] The record contains conflicting evidence regarding the level of education plaintiff completed.

4- OPINION AND ORDER

witnesses: plaintiff, who was represented; medical expert Robert McDevitt, M.D.; and a

vocational expert (VE).

On October 28, 2005, the ALJ issued a decision finding plaintiff not disabled as defined

in the Social Security Act.  The Appeals Council declined plaintiff's request for administrative

review, making the ALJ's decision the final decision of the Commissioner for purposes of

judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged

disability onset date.  Tr. 31, Finding 1.[2]

At step two, the ALJ found that plaintiff had the following severe impairments: mild

degenerative changes in the right knee, depression, and cannabis abuse.  Tr. 31, Finding 2.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did

not meet or equal the requirements of a listed impairment.  Tr. 31, Finding 3.

The ALJ determined that plaintiff had the RFC to perform light exertion work with some

mental limitations and that she is restricted to performing simple tasks with minimal stress, and

occasional contact with co-workers and supervisors.  Tr. 24, 30.

Accordingly, at step four, the ALJ found that plaintiff had the RFC to perform her past

relevant work as a caregiver.  Tr. 30-31.  The ALJ so found after the VE testified that, given

plaintiff's limitations, she could perform the light exertion, semi-skilled work required of a

caregiver.  Tr. 889.  This finding made step five unnecessary.

## DISCUSSION

---

[2] Tr. refers to the Transcript of the Administrative Record.

Plaintiff challenges the ALJ's evaluation of the evidence. Specifically, plaintiff argues that the ALJ erred in (1) not properly assessing all of plaintiff's impairments, (2) finding that plaintiff could perform her past relevant work as a caregiver, (3) not giving controlling weight to the functional assessment of Mark McKinstry, M.D., (4) discrediting plaintiff's testimony, and (5) discrediting lay witness testimony.

### 1.    Plaintiff's Impairments

Plaintiff asserts that the ALJ erred in ignoring some impairments and inadequately assessing other impairments. Plaintiff argues that had all her impairments been adequately assessed, the ALJ would have determined that she is disabled.

Plaintiff bears the burden of proving the existence of severe impairments that prevented her from engaging in SGA for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 2001). An impairment is nonsevere if it is a slight abnormality that has "no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). A severe impairment results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques, and cannot be established only by the plaintiff's statements regarding her symptoms. *See* 42 U.S.C. § 423(d)(3); 20 C.F.R. § 416.908; Social Security Ruling 96-3p

Plaintiff argues that the ALJ did not comment on, and thus did not consider, impairments for which the plaintiff provided evidence. Specifically, plaintiff alleges that the ALJ did not consider evidence of her alleged left knee impairment and fibromyalgia. The ALJ is required to consider all of the evidence; however, "in interpreting the evidence and developing the record,

the ALJ does not need to 'discuss every piece of evidence.'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003)(citing *Black v. Apfel,* 143 F.3d 383, 386).

The record indicates that the ALJ did not include direct references to either the left knee impairment or the fibromyalgia because plaintiff did not provide substantial objective medical evidence that indicated those impairments were significant. The evidence does not show that these alleged impairments affect her RFC. The ALJ disregarded these alleged impairments, stating that plaintiff's "other musculoskeletal complaints have been evaluated by imaging studies and x-rays, which have been unremarkable." Tr. 21.

This is supported by the record. The findings from the most recent magnetic resonance imaging of plaintiff's left knee were "unremarkable" and there was no indication that her menisci or ligaments were torn. Tr. 675.

With respect to her alleged fibromyalgia diagnosis, plaintiff was found to have "[r]oughly 6 soft tissue tender points suggestive of fibromyalgia." Tr. 633. However, "the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia." *Rollins v. Massanari,* 261 F.3d 853, 855 (9th Cir. 2001). The only other evidence of fibromyalgia was based on plaintiff's subjective complaints, which as discussed below, the ALJ did not take as credible.

Without more evidence, the ALJ justified in stating "the claimant did not have any significant findings in support of her complaints of other musculoskeletal problems." Tr. 21. The ALJ was not required to discuss in detail these alleged impairments.

Plaintiff argues that the ALJ inadequately assessed her other medical impairments as well. Specifically, plaintiff argues she had severe impairments resulting from migraines,

stomach pain, left hip and trochanter pain, right shoulder pain, and PTSD. She alleges that the ALJ did not include these impairments in his assessment of her RFC. For each of these alleged severe impairments the evidence on the record is equivocal. The ALJ's determinations were supported by substantial evidence.

The ALJ determined that plaintiff's migraines were not a severe impairment because they have been treated and "no objective findings have been found in support of any etiology for them." Tr. 21. The ALJ found plaintiff's subjective complaints of disabling migraines to be not entirely credible. Without objective evidence of a medical diagnosis, he was justified in considering her migraines as a nonsevere impairment.

Plaintiff's stomach pain was not supported by a diagnosis that would indicate her functional capacity is limited by pain. Plaintiff can point to no objective evidence that establishes a medically determinable impairment. Accordingly, the ALJ was not required to make a finding of a severe impairment resulting from stomach pain.

Plaintiff's left hip and trochanter problems are not indicative of a severe impairment. Plaintiff was told to stretch her hip and to avoid aggravating activity. Tr. 634. Plaintiff had bone mineral densities in her hip within the normal range. No medical evidence indicates that her hip impairment is severe or that she cannot perform the light exertion work required by her RFC.

The ALJ correctly found that plaintiff's shoulder problem is not a severe impairment. The record shows that plaintiff was "doing remarkably well nine days after surgery." Tr. 657. Additionally, her orthopedist did not believe she needed physical therapy one and a half months after surgery despite the fact that she was still in some pain. Tr. 656.

8- OPINION AND ORDER

Plaintiff argues that her PTSD is a severe impairment and that her disabilities equal a listed impairment. However, the record shows that evidence of plaintiff's PTSD is uncertain; Dr. McDevitt testified that she had not been properly diagnosed with PTSD according to accepted medical criteria. Tr. 879.

No medical source pointed to objective evidence that plaintiff's symptoms and test results were equivalent to any listed impairment. This court finds the ALJ properly resolved conflicts in the medical evidence and testimony, and was not required to find any of the above impairments to be severe.

**2.       Past Relevant Work**

Plaintiff has the burden of proving that she could not perform her past relevant work. Plaintiff alleges that it was contrary to law to find that she could perform her past work as a caregiver. Plaintiff argues that her past work as a paid caregiver for her disabled ex-spouse was not SGA and thus not past relevant work. Additionally, plaintiff argues that she is no longer capable of caregiving.

Work performed under special conditions that take into account the claimant's impairments may not qualify as SGA. 20 C.F.R. § 404.1573(c). Plaintiff argues that her work as a caregiver was not SGA because it was a live-in position; plaintiff was required to be available twenty-four hours per day, seven days per week. Additionally, plaintiff was subjected to abuse from her ex-husband.

The conditions identified by plaintiff are not special conditions that take into account plaintiff's impairments. Rather, they are conditions that made her past work as a caregiver especially difficult. Such difficulties fail to make her prior work not SGA.

9- OPINION AND ORDER

The ALJ determined that plaintiff's RFC limits her to simple, one to two step, work.  Tr. 24.  The VE testified that given this RFC, plaintiff could perform her past relevant work as a caregiver because it can be a "very easy" job.  Tr. 889.  The ALJ was justified in relying on the testimony of the VE and there was substantial evidence to support his conclusion that plaintiff's past work as a caregiver qualified as SGA that she is capable of performing.

### 3.    Functional Assessment of Mark McKinstry, M.D.

Plaintiff asserts that the ALJ erred in not giving controlling weight to the functional assessment of Dr. McKinstry.  On February 24, 2003, Dr. McKinstry wrote that plaintiff was eighty percent functional with respect to activities of daily living and social functioning, and fifty percent functional with respect to functioning for concentration, persistence, and pace.  Tr. 313. Plaintiff argues that the ALJ did not give proper weight to Dr. McKinstry's assessment regarding her functioning for concentration, persistence, and pace.  However, the record shows that the ALJ discussed the opinions of Dr. McKinstry at length and incorporated them into plaintiff's RFC.  Tr. 29-30.  Dr. McKinstry's evaluations of plaintiff have changed over time and the ALJ was justified in relying on Dr. McKinstry's later statements that there was no reason to consider plaintiff totally disabled and that "the only way she will regain some normalcy in her life is to slowly get back into employment." Tr. 29.  Plaintiff's RFC, which restricts her to simple light exertion work adequately reflects Dr. McKinstry's opinion evidence. This court concludes the ALJ's findings were supported by substantial evidence.

### 4.    Plaintiff's Testimony

Plaintiff asserts the ALJ erred in evaluating plaintiff's testimony.  Plaintiff concedes that the ALJ properly assessed plaintiff's subjective allegations as set out in Social Security Rulings

96-7.  However, plaintiff argues the ALJ's findings are not supported by substantial evidence given his evaluation of her severe impairments.  As discussed above, this court finds the ALJ's conclusions with respect to plaintiff's severe impairments were supported by substantial evidence.

In evaluating a claimant's subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms.  20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted).  An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony.  *See* 799 F.2d 1403 (9th Cir. 1986); *see also Bunnell*, 947 F.2d at 342.  If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so.  *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests.  First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'"  *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407.  Second, he or she must show

11- OPINION AND ORDER

that the impairment or combination of impairments could reasonably be expected to produce some degree of the alleged symptoms.

In addition to medical evidence, factors relevant to the ALJ's credibility determination include: a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms. *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3).

This court concludes that plaintiff's credibility was evaluated properly in light of the lack of medical evidence supporting her alleged limitations, and the inconsistencies between her statements and her daily living activities. Tr. 25. The ALJ offered clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's allegations of disability.

### 5.    Third-Party Testimony

Plaintiff asserts that the ALJ erred in failing to credit the testimony of lay witness Reynaldo Torres, Jr.[3]  Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id.* at 512.

Here, the ALJ properly considered the lay witness testimony. The ALJ correctly noted the discrepancy between the testimony of Torres and the record of plaintiff's daily activities, the

---

[3] Plaintiff's counsel asserts that the ALJ was exercising bias in disregarding the testimony of witness Torres and that his reasons for discounting the testimony were "silly." This court notes that such accusations are unfounded and inappropriate.

medical record, and the testimony of plaintiff's daughter.  Additionally, the ALJ noted that it is

not clear what relationship exists between Torres and plaintiff, and it appears Torres' statement

was "given to advocate for the claimant's disability."  Tr. 26. *Greger v. Barnhart,* 464 F.3d 968,

972 (9th Cir. 2006).  The ALJ's reasons for discounting Torres' credibility are germane;

accordingly, this court concludes that the ALJ was justified in disregarding his testimony.

## **CONCLUSION**

Based on the foregoing, this court concludes that the findings of the Commissioner are based

upon correct legal standards and are supported by substantial evidence existing in the record.

The Commissioner's decision denying plaintiff's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this  23   day of September, 2008.


    /s/   Ancer L. Haggerty    
                Ancer L. Haggerty
            United States District Court

13- OPINION AND ORDER